UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF ALABAMA
NORTHEASTERN DIVISION

FILED
99 FEB 26 PM 3:23
U.S. DISTRICT COURT
N.D. OF ALABAMA

STANLEY WASHINGTON,           )
                              )
      Plaintiff,              )
                              )
vs.                           )    Civil Action No. 97-S-456-NE
                              )
ELLIOT J. RAMPULLA,           )
                              )
      Defendant.              )
                              )

ENTERED
FEB 26 1999

## MEMORANDUM OPINION

This action is before the court on two separate motions: defendant's motion for protective order (Document No. 35) and the motion of the Alabama Board of Medical Examiners to quash plaintiff's subpoena for production of documents. (Document No. 38.) Each motion will be addressed separately.

### I. DEFENDANT'S MOTION FOR PROTECTIVE ORDER

On August 25, 1998, Magistrate Judge Paul W. Greene entered his findings and recommendations in the instant action. (Document No. 28.) Magistrate Judge Greene recommended all claims against the defendant be dismissed. This court, however, respectfully rejected the report and recommendation of the magistrate judge on October 7, 1998, thereby allowing the claims of plaintiff against defendant to proceed. (Document No. 30.)

Defendant is presently employed in Georgetown, Guyana, under the auspices of Catholic Charities. Defendant accepted his present employment outside the United States after the magistrate judge entered his report and recommendation, but before this court's order of October 7, 1998. Defendant is scheduled to remain in Guyana for approximately twelve months.

Plaintiff served notice of deposition to defendant's attorneys, on December 22, 1998, after unsuccessful attempts to schedule mutually convenient dates for such deposition. Defendant's deposition was scheduled for January 20, 1999. After being served, defendant's attorneys informed plaintiff's counsel of defendant's whereabouts and his unavailability for such deposition. Defendant filed the present motion to quash/motion for protective order on January 14, 1999, seeking to continue his deposition until he returns to the United States or, in the alternative, to allow defendant to be deposed by telephone.

Plaintiff opposes both the telephone deposition and the continuance. Defendant's motion to quash was granted by order entered January 20, 1999. The court also scheduled oral arguments regarding the issue of the telephone deposition for February 17, 1999. The court subsequently canceled the oral arguments on

2

February 10, 1999, and directed the parties to respond in writing to the motion for protective order.

Defendant argues in support of his motion that Georgetown, Guyana, is extremely far away, in addition to the subject matter of the litigation being a broken finger. Defendant further argues that he is receiving little compensation for his services while abroad and that returning to the United States would cause undue hardship to himself, as well as the patients under his care. Defendant finally contends that any documents and exhibits to be used during the deposition could be forwarded to him prior to the deposition.

Plaintiff, however, points out that defendant chose to leave the United States before being formally dismissed as a defendant. Plaintiff also argues that, because the issues involved concern medical treatment, or an alleged lack thereof, medical records and other exhibits will be used during defendant's deposition. Plaintiff argues, therefore, he cannot fully and completely depose defendant except in person. Plaintiff also points out the additional cost which would result if he is required to provide a court reporter in Guyana.

Rule 30(b)(7) of the *Federal Rules of Civil Procedure* allows for the taking of telephone depositions under the following circumstances:

> [T]he parties may stipulate in writing or the court may upon motion order that a deposition be taken by telephone or other remote electronic means. For purposes of this rule and Rules 28(a), 37(a)(1), and 37(b)(1), a deposition taken by such means is taken in the district and at the place where the deponent is to answer questions.

No binding authority exists in the Eleventh Circuit for this particular situation. Other district courts around the country, however, have addressed the propriety of telephone depositions.

In *Daly v. Delta Airlines*, 1991 WL 33392 (S.D.N.Y. 1991), plaintiff sought a protective order precluding the defendant from insisting upon his presence at a deposition in New York. Plaintiff was an anesthesiologist, who was residing and practicing in Ireland. The court denied the motion for several reasons. The court considered defendant's preference to view the person being deposed. The court pointed out that plaintiff showed no substantial hardship based in part on plaintiff's assertion that "his absence would be an inconvenience to his colleagues and to the surgical patients in need of his services." *Id.* at *2.

4

Defendant in the instant action has made the same general reference to the inconvenience to his patients. Defendant also claims that traveling to the United States will impose a financial hardships upon him.

The court also denied a telephone deposition in *Mercado v. Transoceanic Cable Ship Co., Inc.*, 1989 WL 83596 (E.D.Pa. 1989), where examination of photographs and diagrams was likely to lead to confusion, saying: "[W]here, ... diagrams and photographs are to be discussed and portions thereof pinpointed and highlighted, there is a real likelihood of confusion and therefore prejudice. This is especially true where the photographs and diagrams are highly relevant to the issues in the case." *Id.* The same court granted a telephone deposition in The *Bachman Company v. Anthony Pinho, Inc.*, 1993 WL 346063 (E.D.Pa. 1993). The court, however, imposed the condition that "telephone connections be arranged in such a manner that the witness and all counsel [have] access to a facsimile machine as well as to a telephone so that counsel could 'hand' the witness the relevant documents concerning which he was to testify at the appropriate places in the deposition." *Id.*

In the instant action, medical records and other exhibits, including x-rays, are to be used during the course of the

5

deposition. The option available in *Bachman Company* is not possible in the instant action since the x-rays plaintiff seeks to use cannot be transmitted by facsimile machine.

Opposition to a telephone deposition, however, must be based upon more than the conclusory statement that it denies a party the opportunity for face-to-face confrontation. The court in *Jahr v. IU International Corporation*, 109 F.R.D. 429 (M.D.N.C. 1986), noted "lack of face-to-face questioning is the very essence of a telephonic deposition." *Id.* at 432.

Plaintiff in this case has demonstrated to the court the need for deposing defendant in person. By forwarding defendant the relevant document prior to the deposition, plaintiff risks the ability to obtain a spontaneous reaction from the defendant. The *Mercado* court said a "telephone deposition [is] most appropriate when issues are simple but important and cost of attendance is high." *Mercado*, 1989 WL 83596, *1. In the case at bar the issues are not simple ones and the cost of either type of deposition will be high. Moreover, as plaintiff pointed out, the defendant voluntarily chose to leave the United States. Plaintiff should not be prejudiced by defendant's choices.

6

Accordingly, defendant's motion for protective order with regard to allowing a telephone deposition is due to be **denied**; and, defendant's motion with respect to a continuance for the deposition until after he returns to the United States in approximately twelve months also is **denied**.

### II. ALABAMA BOARD OF MEDICAL EXAMINERS' MOTION TO QUASH SUBPOENA FOR PRODUCTION OF DOCUMENTS

Plaintiff served a subpoena on The Alabama Board of Medical Examiners ("The Board") on or about December 29, 1998, requesting the production of "any and all records, files, depositions complaints or other documents pertaining to [Elliot] J. Ampulla, M.D." The Board filed a motion to quash the subpoena on January 28, 1998. (Document No. 38.) The Board contends that the information requested is privileged under the state statutory privileges contained in Ala. Code §§ 6-5-333[1] and 34-24-58.[2] The

---

[1] Ala. Code § 6-5-333 provides in pertinent part:

(d) All information, interviews, reports, statements, or memoranda furnished to any committee as defined in this section, and any findings, conclusions, or recommendations resulting from the proceedings of such committee are declared to be privileged. The records and proceedings of any such committee shall be confidential and shall be used by such committee and the members thereof only in the exercise of the proper functions of the committee and shall not be public records nor be available for court subpoena or for discovery proceedings. ...

[2] Ala. Code § 34-24-58 reads:

(a) The decisions, opinions, actions and proceedings rendered, entered or acted upon in good faith and without malice and on the basis of facts reasonably known or reasonably believed to exist of

7

Board argues that the state's concern in maintaining confidentiality outweighs the federal concern of allowing the evidence to be discovered.

As an initial matter, Rule 45(c)(2)(B) of the *Federal Rules of Civil Procedure* provides that:

> a person commanded to produce and permit inspection and copying may, <u>within 14 days</u> after service of the subpoena or before the time specified for compliance, if such time is less then 14 days after service, serve upon the party or attorney designated in the subpoena written objection to inspection copying of any or all of the designated materials or of the premises.

The Board was served on or about December 29, 1998. The Board, however, did not respond to the subpoena until January 28, 1998: some 30 days after being served. Rule 34 of the *Federal Rules of Civil Procedure* governs the production of document from parties and allows 30 days for a written response after service of the request. However, as stated in Rule 34(c): "[A] person not a party to the action may be compelled to produce documents and things or to submit to an inspection as provided in Rule 45." Rule 34 time

---

any committee of physicians or surgeons, acting as a committee of the Medical Association of the State of Alabama, or any state, county or municipal medical association or society, or as a committee of any licensed hospital or clinic, or the medical staff thereof, undertaken or performed within the scope and function of such committee as legally defined herein shall be privileged, and no member thereof shall be liable for such decision, opinion, action or proceeding.

8

limits have no application in the present situation. Thus, the objections are untimely.

However, even if this court determined The Board's motion to be timely, the information requested is not privileged and, therefore, is subject to discovery by plaintiff. The Board relies upon a state statutory privilege. Evidentiary privileges in federal court are governed by Rule 501 of the *Federal Rules of Evidence*:

> Except as otherwise required by the Constitution of the United States or provided by Act of Congress or in rules prescribed by the Supreme Court pursuant to statutory authority, the privilege of a witness, person, government, State, or political division thereof shall be governed by the principles of the common law as they may be interpreted by the courts of the United States in the light of reason and experience. However, in civil actions and proceedings, with respect to an element of a claim or defense as to which State law supplies the rule of decision, the privilege of a witness, person, government, State, or political subdivision thereof shall be determined in accordance with State law.

Plaintiff's Eighth Amendment claims are brought under 42 U.S.C. § 1983. The instant action therefore involves a federal question, and federal law — not state law — supplies the rule of decision. Thus the privilege, if one exists, must be recognized as a matter of federal common law.

9

The Eleventh Circuit in *International Horizons, Inc. v. Committee of Unsecured Creditors*, 689 F.2d 996 (11th Cir. 1982), said that "Rule 501 clearly provides federal courts with the statutory power to recognize new or 'novel' evidentiary privileges. However, 'there has been a notable hostility on the part of the (federal) judiciary to ... new privileges." *Id.* at 1003 (citations omitted). The reason for this hostility is "because privileges contravene the fundamental principle that 'the public ... has a right to every man's evidence.'" *Id.* (quoting *Trammel v. United States*, 445 U.S. 40, 100 S.Ct. 906, 912, 63 L.Ed.2d 186 (1980)). The Eleventh Circuit therefore announced the rule that "a new privilege should only be recognized where there is a 'compelling justification.'" *Id.* at 1004 (quoting *In re Dinnan*, 661 F.2d 426, 430 (5th Cir. 1981)).

The Board has failed to demonstrate a compelling justification for recognition of the privilege. Moreover, the information contained in The Board's files cannot be obtained by any method other than examination of the files. The need for complete and accurate disclosure outweighs the state interest in confidentiality. As the Fifth Circuit said in *American Civil*

10

*Liberties Union of Mississippi, Inc. v. Finch*, 638 F.2d 1336 (5th Cir. 1981):[3]

> [T]he purpose of enacting § 1983 was to ensure an independent federal forum for adjudication of alleged constitutional violations by state officials; ... there is a "special danger" in permitting state governments to define the scope of their own privilege when the misconduct of their agents is alleged.

*Id.* at 1343-44 (quoting *Carr v. Monroe Manufacturing Company*, 431 F.2d 384, 389 (5th Cir. 1970)).

Accordingly, the documents requested from The Alabama Board of Medical Examiners are subject to discovery, and the Board's motion to quash is due to be **denied**. An order consistent with this memorandum opinion shall be entered contemporaneously herewith.

**DONE** this 26th day of February, 1999.

_____
United States District Judge

---

[3] In *Bonner v. City of Prichard*, 661 F.2d 1206, 1209 (11th Cir. 1981) (en banc), the Eleventh Circuit adopted as binding precedent all Fifth Circuit decisions handed down prior to the close of business on September 30, 1981.

11